|  | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|
|  | CIRCUIT CIVIL DIVISION |
| ALTAGRACIA BANUCHI, as Personal Representative of the Estate of Edward Blanton Foster III, and on behalf of the Estate of Edward Blanton Foster III and the survivors of the Estate, E.F., J.F., A.D.F., N.F., M.F., and A.B.F., | CASE NO. |
| Plaintiff, |  |
| vs. |  |
| CITY OF HOMESTEAD, a municipality of the State of Florida, ANTHONY GREEN, in his individual capacity, and JOHN DOE, an unidentified police officer, in his individual capacity, |  |
| Defendants. _____/ |  |

## COMPLAINT AND JURY DEMAND

Plaintiff, ALTAGRACIA BANUCHI, as Personal Representative of the Estate of Edward Blanton Foster III, on behalf of the Estate of Edward Blanton Foster III, and on behalf of the survivors of the Estate, E.F. (a minor), J.F. (a minor), A.D.F. (a minor), N.F. (a minor), M.F. (a minor), and A.B.F. (a minor), sues defendants, CITY OF HOMESTEAD, a municipality of the State of Florida, ANTHONY GREEN, in his individual capacity, and JOHN DOE, an unidentified police officer, in his individual capacity, and alleges:

-1-

1. This is an action for damages in excess of $15,000, exclusive of costs and attorney's fees, and is within the minimal jurisdictional limits of this Court.

2. The events giving rise to this action all occurred in Miami-Dade County, Florida.

### Parties

3. Plaintiff, ALTAGRACIA BANUCHI, is the duly appointed Personal Representative of the Estate of Edward Blanton Foster III (hereinafter the "decedent" or "Mr. Foster"), having been appointed Personal Representative by the Probate Division of the Circuit Court in and for Homestead-Dade County on or about October 15, 2015. This action is brought by ALTAGRACIA BANUCHI in her capacity as Personal Representative of the Estate of Edward Blanton Foster III, on behalf of the Estate, and on behalf of the survivors, E.F., J.F., A.D.F., N.F., M.F., and A.B.F., who are minors and are the four sons and two daughters of the decedent. Today and at the time of his death, all of said survivors were under the age of twenty-five, and were dependent on the decedent for support.

4. Defendant CITY OF HOMESTEAD (hereinafter "City" or "Homestead") is a municipality incorporated in the State of Florida. Defendant City operates and is responsible for the Homestead Police Department (hereinafter "HPD").

5. Defendant ANTHONY GREEN (hereinafter "Officer Green" or "Green") at all times relevant to this action was employed by the HPD. Defendant Green is sued in his individual capacity. At all relevant times, he acted under color of state law.

6. Defendant JOHN DOE (hereinafter "Officer John Doe" or "John Doe") is an as-yet

unidentified police officer who, at all times relevant to this action was employed by the HPD. Defendant Officer John Doe is sued in his individual capacity. At all relevant times, he acted under color of state law.

### Factual Allegations

7. Mr. Foster, at the time of the incident giving rise to this complaint, was age 35 and resided in the City of Homestead with his girlfriend, Gladys Chirinos, and their son, A.B.F., then age one.

8. On the afternoon of July 16, 2015, Mr. Foster left his home on foot to buy dog food. After purchasing dog food, he was walking home, near the intersection of S.W. 328th Street (Lucy Street) and S.W. 187th Avenue (Redland Road), when he was approached by Defendant Green, who was driving an HPD police patrol vehicle, and also by Officer John Doe.

9. Upon seeing one or both of said police officers, Mr. Foster at first proceeded on foot in a direction away from the officers, then, upon hearing one of said police officers ordering him to stop, he did so.

10. After some words were exchanged between one or both of said officers and Mr. Foster, Mr. Foster ended up in a kneeling position with both hands raised in the air.

11. Without justification, said officers drew their firearms and fired at Mr. Foster many times, causing bullets to enter Mr. Foster's body at least six times.

12. Mr. Foster did not do anything to threaten or provoke said officers, and at the

point in time he was shot, Mr. Foster did not give the officers any reason to believe he was committing or was about to commit a crime.

13. Mr. Foster was still alive at the scene of the shooting, enduring pain and suffering, then was transported to the hospital. Either at or on the way to the hospital, Mr. Foster died from his wounds.

14. Mr. Foster is survived by his four minor sons, E.F., J.F., M.F., and A.B.F., and his two minor daughters, A.D.F. and N.F.

15. Plaintiff has complied with all applicable provisions of Section 768.28, Florida Statutes.

## Count 1

### Defendant City of Homestead for Wrongful Death: Battery/Excessive Force

16. Plaintiff repeats and realleges paragraphs 1-15 and incorporates them by reference herein.

17. This Count One is against Defendant, City of Homestead, for the wrongful death of Edward Blanton Foster III under Florida state law which holds a government entity liable for the wrongful acts of its employees and agents acting within the course and scope of their employment and/or agency.

18. Officer Green and Officer John Doe were acting within the course and scope of his employment with Defendant City when they fatally shot Mr. Foster on July 16, 2015. Defendant City is responsible for the actions of its employees while engaged within the

course and scope of their employment.

19. Officer Green and Officer John Doe caused bodily harm to Mr. Foster by shooting and killing Mr. Foster. The shooting constituted excessive force and was accomplished without the consent and against the will of Mr. Foster.

20. As a direct and proximate result of Officer Green's and/or Officer John Doe's actions, for which Defendant City is responsible, Mr. Foster died.

WHEREFORE, on this Count One, as a result of the tragic and untimely death of Edward Blanton Foster III, the Estate of Edward Blanton Foster III and his survivors claim damages as follows:

A. The Estate has sustained the following damages:

1. Funeral and burial expenses incurred as a result of the death of Edward Blanton Foster III that have become a charge against his estate or that were paid on his behalf;

2. Loss of prospective net estate accumulations; and

3. Interest and costs.

B. E.F., J.F., A.D.F., N.F., M.F., and A.B.F., children and dependents of the decedent, have sustained the following damages:

1. Loss of support and services of their father from July 16, 2015 to the present, plus interest;

2. Loss of support and services of Edward Blanton Foster III which would have been received by them from their father in the future, with interest thereon, reduced to present

value;

3. Loss of parental companionship, instruction and guidance, from July 16, 2015;

4. Great mental pain and suffering from on or about July 16, 2015, and for the remainder of their lives; and

5. Interest and costs.

## Count 2

### Defendant City of Homestead for Wrongful Death: Negligence/Vicarious Liability

21. Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

22. This Count Two is against Defendant, City of Homestead, for the wrongful death of Edward Blanton Foster III under Florida state law which holds a government entity liable for the wrongful acts of its employees and agents acting within the course and scope of their employment and/or agency.

23. Officer Green and Officer John Doe were acting within the course and scope of their employment with Defendant City when they fatally shot Mr. Foster on July 16, 2015. Defendant City is responsible for the actions of its employees while engaged within the course and scope of their employment.

24. HPD officers, including Officer Green and Officer John Doe, acted negligently in their encounter with Mr. Foster, as they should have professionally handled the perceived situation with Mr. Foster by taking proper alternative actions that would not have resulted in shooting Mr. Foster multiple times and killing him.

25. As the direct and proximate result of the negligence of one or more of City's employees, Edward Blanton Foster III was wrongfully killed.

WHEREFORE, on this Count Two, as a result of the tragic and untimely death of Edward Blanton Foster III, the Estate of Edward Blanton Foster III and his survivors claim damages as follows:

A. The Estate has sustained the following damages:

1. Funeral and burial expenses incurred as a result of the death of Edward Blanton Foster III that have become a charge against his estate or that were paid on his behalf;

2. Loss of prospective net estate accumulations; and

3. Interest and costs.

B. E.F., J.F., A.D.F., N.F., M.F., and A.B.F., children and dependents of the decedent, have sustained the following damages:

1. Loss of support and services of their father from July 16, 2015 to the present, plus interest;

2. Loss of support and services of Edward Blanton Foster III which would have been received by them from their father in the future, with interest thereon, reduced to present value;

3. Loss of parental companionship, instruction and guidance, from July 16, 2015;

4. Great mental pain and suffering from on or about July 16, 2015, and for the remainder of their lives; and

5. Interest and costs.

## Count 3

### Defendant City of Homestead for Wrongful Death: Negligence

26. Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

27. This Count Three is against the Defendant, City of Homestead, for the wrongful death of Edward Blanton Foster III.

28. Defendant City negligently failed to train and supervise its officers in proper use of force procedures, including deadly force.

29. As the direct and proximate result of City's negligent failure to train and supervise its officers in the proper use of force procedures, HPD officers, including Officer Green and Officer John Doe, failed to take proper actions in their encounter with Mr. Foster that would not have resulted in discharging their firearms at Mr. Foster and killing him.

30. As the direct and proximate result of the Defendant City of Homestead's negligence, Edward Blanton Foster III was wrongfully killed.

WHEREFORE, on this Count Three, as a result of the tragic and untimely death of Edward Blanton Foster III, the Estate of Edward Blanton Foster III and his survivors claim damages as follows:

A. The Estate has sustained the following damages:

1. Funeral and burial expenses incurred as a result of the death of Edward Blanton Foster III that have become a charge against his estate or that were paid on his behalf;

2. Loss of prospective net estate accumulations; and

3. Interest and costs.

B.  E.F., J.F., A.D.F., N.F., M.F., and A.B.F., children and dependents of the decedent, have sustained the following damages:

1. Loss of support and services of their father from July 16, 2015 to the present, plus interest;

2. Loss of support and services of Edward Blanton Foster III which would have been received by them from their father in the future, with interest thereon, reduced to present value;

3. Loss of parental companionship, instruction and guidance, from July 16, 2015;

4. Great mental pain and suffering from on or about July 16, 2015, and for the remainder of their lives; and

5. Interest and costs.

## Count 4

### Defendants Green and John Doe under 42 U.S.C. § 1983 for Violating the Fourth and Fourteenth Amendments

31. Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

32. This Count Four is brought against Defendants Officer Green and Officer John Doe in their individual capacities.

33. Plaintiffs claim for relief is predicated upon 42 U.S.C. § 1983 which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and

immunities secured to people by the Constitution and laws of the United States, and upon 42 U.S.C. § 1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

34. The actions of Defendants Officer Green and Officer John Doe, in shooting and killing Edward Blanton Foster III, amounted to excessive force and constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution.

35. The actions of Defendants Officer Green and Officer John Doe, in shooting and killing Edward Blanton Foster III, amounted to deprivation of life without due process of law under the Fourteenth Amendment to the United States Constitution.

36. This Count Four incorporates as much of the Florida Wrongful Death Act, Sections 768.16 - 768.27, Florida Statutes (2010) as is not inconsistent with the purposes of the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that those sections of the Florida Wrongful Death Act which would preclude recovery of damages for the value of Edward Blanton Foster III's life or pain and suffering or, alternatively, preclude recovery for the pain and suffering inflicted on his minor children, E.F., J.F., A.D.F., N.F., M.F., and A.B.F., are inconsistent with the Civil Rights Act.

WHEREFORE, on this Count Four, as a result of the tragic and untimely death of Edward Blanton Foster III, the Estate of Edward Blanton Foster III and the minor children of Edward Blanton Foster III claim damages as follows:

A. The Estate has sustained the following damages:

1. Funeral and burial expenses incurred as a result of the death of Edward Blanton Foster III that have become a charge against his estate or that were paid on his behalf;

2. Loss of perspective net estate accumulations;

3. Pain and suffering damages of Edward Blanton Foster III sustained prior to succumbing to his gunshot wounds; and

4. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

B. E.F., J.F., A.D.F., N.F., M.F., and A.B.F. have sustained the following damages:

1. Loss of support and services of their father from and after July 16, 2015 to the present plus interest;

2. Loss of support and services of their father which would have been received by them in the future with interest thereon, reduced to present value;

3. Loss of companionship and protection of Edward Blanton Foster III from and after July 16, 2015;

4. Great mental pain and anguish, from July 16, 2015 and for the remainder of their lives; and

5. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## Count 5

### Defendant City of Homestead under 42 U.S.C. § 1983 for Violating Federal Civil Rights: *Monell* Claim

37. Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

38. This Count Five is brought against Defendant City of Homestead.

39. Plaintiffs claim for relief is predicated upon 42 U.S.C. § 1983 which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to people by the Constitution and laws of the United States, and upon 42 U.S.C. § 1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

40. The acts and conduct of the Defendant City of Homestead's police officers in shooting and killing Edward Blanton Foster III constituted excessive force and an unreasonable seizure in violation of the Fourth Amendment to the Constitution of the United States.

41. The actions of Defendants Officer Green and Officer John Doe, in shooting and killing Edward Blanton Foster III, amounted to deprivation of life without due process of law under the Fourteenth Amendment to the United States Constitution.

42. At all material times, HPD officers engaged in a pattern and practice of using excessive force, both deadly and non-deadly. Defendant City of Homestead had a policy, practice, and custom of using excessive force in violation of the Fourth Amendment. Defendant City of Homestead failed to train, supervise, and discipline its employees in, among other things, the proper use of force, with deliberate indifference to the constitutional rights of the people with whom they came into contact. Defendant City of Homestead also failed, with deliberate indifference to the constitutional rights of people in and around the City of Homestead, to properly train, supervise, and discipline its employees regarding,

among other things, the type of situation that was encountered with Mr. Foster on July 16, 2015.

43. Senior officers and employees of HPD, as well as Defendant City of Homestead and its policymakers for police matters, knew of the pattern and practice of excessive uses of force, yet, with deliberate indifference to the constitutional rights of people in and around the city of Homestead, failed to stop or correct them.

44. Defendant City of Homestead's pattern, practice, policy, and custom of engaging in excessive force directly and proximately caused Mr. Foster's wrongful death.

45. This Count Five incorporates as much of the Florida Wrongful Death Act, Sections 768.16 - 768.27, Florida Statutes (2010) as is not inconsistent with the purposes of the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that those sections of the Florida Wrongful Death Act which would preclude recovery of damages for the value of Edward Blanton Foster III's life or pain and suffering, alternatively, preclude recovery for the pain and suffering inflicted on his minor children, E.F., J.F., A.D.F., N.F., M.F., and A.B.F., are inconsistent with the Civil Rights Act.

WHEREFORE, on this Count Five, as a result of the tragic and untimely death of Edward Blanton Foster III, the Estate of Edward Blanton Foster III and the children of Edward Blanton Foster III claim damages as follows:

A. The Estate has sustained the following damages:

1. Funeral and burial expenses incurred as a result of the death of Edward Blanton

Foster III that have become a charge against his estate or that were paid on his behalf;

2. Loss of perspective net estate accumulations; and

3. Pain and suffering damages of Edward Blanton Foster III prior to succumbing to his gunshot wounds; and

4. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

B. E.F., J.F., A.D.F., N.F., M.F., and A.B.F. have sustained the following damages:

1. Loss of support and services of their father from and after July 16, 2015 to the present plus interest;

2. Loss of support and services of their father which would have been received by them in the future with interest thereon, reduced to present value;

3. Loss of companionship and protection of Edward Blanton Foster III from and after July 16, 2015;

4. Great mental pain and anguish, from July 16, 2015 and for the remainder of their lives; and

5. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §1988.

On all counts, Plaintiff requests such other and further as may be just and proper.

### Count 6

### Defendants Anthony Green and John Doe for Wrongful Death: Battery/Excessive Force (pled in the alternative to Counts 1, 2, and 3)

46. Plaintiff repeats and realleges paragraphs 1-15 and incorporates them by reference herein.

47. This Count Six is against Defendants, Officer Green and Officer John Doe in their individual capacities for the wrongful death of Edward Blanton Foster III under Florida state law which holds a government employee liable if the employee acts in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. This Count is pled <u>in the alternative</u> to the state law claims pled under Counts 1, 2, and 3 hereinabove, so as to protect Plaintiff in the event that discovery/investigation reveals officer conduct falling under said state law.

48. Officer Green and Officer John Doe were acting in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property when they fatally shot Mr. Foster on July 16, 2015.

49. Officer Green and Officer John Doe caused bodily harm to Mr. Foster by shooting and killing Mr. Foster. The shooting constituted excessive force and was accomplished without the consent and against the will of Mr. Foster.

50. As a direct and proximate result of Officer Green's and/or Officer John Doe's actions, Mr. Foster died.

WHEREFORE, on this Count Six, as a result of the tragic and untimely death of Edward Blanton Foster III, the Estate of Edward Blanton Foster III and his survivors claim damages as follows:

A. The Estate has sustained the following damages:

1. Funeral and burial expenses incurred as a result of the death of Edward Blanton

Foster III that have become a charge against his estate or that were paid on his behalf;

2. Loss of prospective net estate accumulations; and

3. Interest and costs.

B. E.F., J.F., A.D.F., N.F., M.F., and A.B.F., children and dependents of the decedent, have sustained the following damages:

1. Loss of support and services of their father from July 16, 2015 to the present, plus interest;

2. Loss of support and services of Edward Blanton Foster III which would have been received by them from their father in the future, with interest thereon, reduced to present value;

3. Loss of parental companionship, instruction and guidance, from July 16, 2015;

4. Great mental pain and suffering from on or about July 16, 2015, and for the remainder of their lives; and

5. Interest and costs.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*/s/Charles M. Baron*

Charles M. Baron, Esq.
Fla. Bar No. 509825
Attorney for Plaintiff

Charles M. Baron, P.A.
2514 Hollywood Blvd., Suite 408
Hollywood, FL 33020
Tel. (305) 933-9292; (954)919-5669
Fax: (305) 933-9992
Email: cmb@baronjustice.com


Dated: Monday, July 17, 2017